[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appearing defendants move to dismiss the plaintiff's motion for prejudgment remedies.
This suit began in April 1998 and had a return date of May 5, 1998. On May 26, 1998, the plaintiff applied for prejudgment remedies against these defendants. The plaintiff's motion omits the notice of rights and claim for hearing language mandated by G.S. § 52-278c(e). The movants contend that this omission precludes the court from considering the merits of the plaintiff's application for prejudgment remedy.
Sections 52-278a through 52-278n set forth the law and procedures which pertain to prejudgment remedies. Section 52-278b
dictates that "no prejudgment remedy shall be available. . . unless sections 52-278a to 52-278g" are complied with. Typically, prejudgment remedies are sought before or coincident with the bringing of an action, but § 52-278h expressly permits a plaintiff to seek such remedy after the institution of suit. That section also specifically allows the applicant leeway to adapt the forms and procedure contained in §§ 52-278a through n to that circumstance. Section 52-278m dispenses with the personal service requirement of § 52-278c as to defendants, such as the movants, who have previously filed a general appearance in a pending action.
The sole issue posed by the defendants' motion to dismiss is whether the notice of rights and claim for hearing provision set forth in § 52-278c (e) applies to prejudgment remedies CT Page 9262 applications filed after an action has commenced against appearing defendants. The court concludes that this language requirement applies whether the prejudgment remedy application precedes or follows the initiation of suit.
Certain requirements of § 52-278c are clearly inappropriate if the prejudgment remedy application is made after the action has begun. For example, § 52-278c obligates the applicant to serve the respondent with a copy of the "proposed, unsigned writ, summons, and complaint". Under § 52-278h, this procedure can be eliminated because the defendants would already have been served with a signed writ, summons, and complaint.
The notice of rights and claim for hearing language mandated by § 52-278c, however, cannot be deleted. This requirement is not duplicative of information otherwise conveyed to defendants by the institution of suit. For pro se defendants receipt of the notice of rights and claim for hearing may be the only likely source of this information. By requiring applicants for prejudgment remedies to include such language in their applications, the legislature has indicated; that such warning and mechanism for objecting to the encumbering of property is of paramount importance. These provisions outline both the procedural and substantive law concerning the procurement of prejudgment remedies.
Under § 52-278b, the plaintiff's failure to include the notice of rights and claim for hearing language contained in § 52-278c(e) is a fatal defect. The motion to dismiss the plaintiff's application for prejudgment remedies is granted.
Sferrazza, J.